UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| HOPE GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:21-cv-131-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| KILOLO KIJAKAZI, | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Hope Gibson's Motion for Attorney Fees, [R. 28; R. 29]. Defendant Kilolo Kijakazi, Commissioner of Social Security ("the Commissioner"), responded, [R. 30], stating no objection to the requested attorney fee amount. The matter is now ripe for consideration. For the reasons below, the Court will grant Gibson's Motion.

I.     BACKGROUND

On June 21, 2019, Gibson filed an application for Title XVI Supplemental Security Income, alleging disability beginning April 15, 2002, due to the following impairments: obestity, anxiety, depression, bipolar, attention deficit hyperactivity disorder ("ADHD"), emotional disorder, coordination disorder, frequent falls, high blood pressure, low vitamin D, arthritis in knees, back problems, thyroid problems, heart problems, high heart rate, sleeping problems, learning disabilities, and inability to read and write. [R. 19, p. 1]. Gibson's claims were denied initially on August 26, 2019 and again upon reconsideration on November 25, 2019. *Id.* at 1–2. Administrative Law Judge Stacey L. Foster held a hearing on September 23, 2020 and issued an unfaorable decision on December 16, 2020. *Id.* at 2.

On August 5, 2021, Gibson filed a Complaint in this Court. [R. 1]. Subsequently, she filed a Motion for Judgment on the Pleadings, [R. 18; R. 19]. On May 10, 2022, the Commissioner filed an Unopposed Motion to Remand for Further Proceedings, [R. 24]. In the Motion, the Commissioner states: "The Social Security Administration has reviewed the case and determined that a remand for further proceedings is warranted." *Id.* Accoridngly, on May 11, 2022, the Court granted the Motion to Remand and issued a final judgment dismissing the case. [R. 26; R. 27].

On July 28, 2022, Gibson filed a Motion for Attorney Fees, [R. 28]. In the Motion, Gibson requests an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $5,290.10. [R. 28]; *see also* [R. 29, pp. 1–4]. This total award is based on 2.4 hours of attorney work in 2021 at $214.29 per hour, 18.1 hours of attorney work in 2022 at $229.05 per hour, and 6.3 hours of paralegal work at $100.00 per hour. *See* [R. 29–4; R. 30]. The Commissioner responded, stating that "she does not oppose the amount of attorney fees requested[.]" [R. 30].

## II.    ANALYSIS

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, the EAJA allows an award of attorney's fees and other expenses against the government when:

> (1) The party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; (2) An application for such fees, including an

itemized justification for the amount requested, is timely filed within thirty days of final judgment in the action; (3) The position of the government was not substantially justified; and (4) No special circumstances make an award unjust.

*Neff v. Colvin*, No. 3:13-CV-638-CHL, 2015 U.S. Dist. LEXIS 22304, at *4 (W.D. Ky. Feb. 25, 2015) (citing § 2412(d)(1)(A)–(B)).

As to the first factor, "[a] sentence four remand makes the plaintiff a 'prevailing party' under the EAJA." *Turner v. Comm'r of Soc. Sec.,* 680 F.3d 721, 723 (6th Cir. 2012). Under the second factor, "final judgment" refers to judgments entered by a court of law and not by administrative agencies. *See Melkonyan v. Sullivan*, 501 U.S. 89, 95 (1991) "The thirty-day clock begins to run after the time to appeal the final judgment has expired." *Isbel v. Comm'r of Soc. Sec.*, No. 1:06-cv-384, 2009 U.S. Dist. LEXIS 106610, at *2–3 (S.D. Ohio Oct. 22, 2009) (citing *Melkonyan*, 501 U.S. at 96). "Under the Federal Rules of Appellate Procedure, in a civil action where a federal officer is named as a party, the time for appeal does not end until sixty days after the entry of judgment." *Id.* at 3 (citing FED. R. APP. PROC. 4(a)(1), (7)). The third factor "shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which civil action is based)[.]" 28 U.S.C. § 2412(d)(1)(B). The government bears the burden of establishing that the Commissioner's position was substantially justified. *See Neff*, 2015 U.S. Dist. LEXIS 22304 at *6 (citing *Scarborough v. Principi*, 541 U.S. 401, 414 (2004)). As to the amount of attorney fees recoverable, the EAJA provides that:

> The amount of fees awarded under [28 U.S.C. § 2412(d)] shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determined that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Here, Gibson is entitled to attorney fees in the amount requested. First, the Court finds, and the Commissioner does not dispute, that Gibson is a prevailing party under the EAJA because the Court remanded the case under sentence four of 42 U.S.C. § 405(g). *See* [R. 26, p. 2]; *see also Turner,* 680 F.3d at 723 ("A sentence four remand makes the plaintiff a 'prevailing party' under the EAJA."). Second, the Commissioner does not disagree that Gibson timely filed her application for fees, including an itemized justification for the amount requested and other supporting documentation. *See* [R. 29]; *see also Isbel*, 2009 U.S. Dist. LEXIS 106610 at *2–3. The Commissioner does not argue that her position was substantially justified nor that substantial circumstances render an award unjust. *See* [R. 30]; *see also Neff*, 2015 U.S. Dist. LEXIS 22304, at *4.

The Court finds that the hours billed are reasonable and compensable under the EAJA, and the requested rate of payment is consistent with the prevailing market rates in the Eastern District of Kentucky. *See Mascunana v. Kijakazi*, No. 2:21-077-DCR, 2022 U.S. Dist. LEXIS 142476, at *2–4 (E.D. Ky. Aug. 10, 2022) (citing *Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 491–92 (6th Cir. 2021)) ("Based on the plaintiff's unrefuted evidence regarding inflation and the market rate for comparable legal services, she will be awarded attorney's fees in the amound of $4,630.08, based on 18.9 hours of attorney work at a rate of $214.29 per hour and 5.8 hours of paralegal work at a rate of $100.00 per hour."). Thus, for the reasons above, and because the Commissioner "does not oppose the amount of attorney fees requested" in Gibson's Motion, the Court will grant the Motion. *See* [R. 30, p. 1].

Additionally, the Court notes the Commissioner's clarifying response regarding the proper awardee. *See* [R. 30, p. 1]. Gibson has included an Affirmation and Waiver of Direct

Payment of EAJA Fees, [R. 29–7], agreeing that attorney fees be awarded directly to her attorney. However, the Court agrees with the Commissioner that, under *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528–29 (2010), EAJA fees awarded are payable to the litigant rather than his or her counsel and are subject to offset under the Treasury Offset Program. *See* 31 U.S.C. § 3716(c)(3)(B*); see also Mascunana*, 2022 U.S. Dist. LEXIS 142476, at *5 ("The Court is without information to determine whether Mascunana owes any debt that is subject to a government offset and the United States has not waived the requirements of the Anti-Assignment Act. Accordingly, the award shall be payable to the plaintiff"). Accordingly, the award of attorney's fees in this case shall be paid to Gibson directly and not to her attorney.

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.  Gibson's Motion for Attorney's Fees, **[R. 28]**, is **GRANTED.**

2.  The Commissioner owes Gibson $5,290.10 as the reasonable value of attorney fees in this matter.

This the 19th day of August, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY